Curia, per Sutherland, J.
The transfer by Bacon to Stutson was clearly fraudulent; as being made for the purpose of putting his interest beyond the reach of the defendants’ execution. The fraudulent intent, on the part of Bacon, is apparent on the face of the instruments, after the fact of his being embarrassed, if not insolvent, was established. He gave an absolute bill of sale to Stutson, who at the same time entered into an agreement by which, after reciting the sale, and that it was for the purpose of paying certain indorsements of third persons for Bacon, *he agreed, if Bacon should pay those notes himself within 12 months, to re-transfer the sloop to him. If Bacon should not pay the notes, then Stutson agreed to pay them within a year. How, one of these notes had been due more than a year at the time of this assignment; and the other was then about *735 due; so that the effect of this arrangement, if it is upheld, would be to place the sloop beyond the reach of all Bacon's creditors; and to give him one year to make arrangements for redeeming her. The case is not varied by the circumstance of Stutson's giying his notes to the indorsers, and of their assenting to take them. It does not appear that they knew of the power of redemption; and the fact that Bacon furnished Stutson with 255 dollars 60 cents, which lie paid on one of these notes, shows conclusively that this whole arrangement was intended merely to cover the property - from the defendants' execution, which was issued about one month after. It is shown to have been matter of general notoriety at that time, that the defendants were about obtaining a heavy judgment against Bacon.
The plaintiffs were properly non-suited; and this motion must be denied. [1] Motion denied.

 See Waterman’s Am. Ch. Dig. Vol. 2, tit. Fraudulent Conveyance.